WO                                                                                                           SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Williams,<br><br>    Plaintiff,<br><br>vs.<br><br>Richard Penn, et al.,<br><br>    Defendants. | No. CV 07-0006-PHX-MHM (MEA)<br><br>**ORDER** |

Plaintiff Ronald Williams brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Arizona Department of Corrections (ADC). (Doc. #1.) Plaintiff moves for a Court Order to the Director of ADC to maintain a videotape of an incident involving the use of force on or about June 17, 2009. (Doc. #80.) The Court will construe this as a request for a Preliminary Injunction. Although Defendants have not responded, the Court finds that no response is necessary.

The Court will deny Plaintiff's motion.

**I.    Background**

The present case involves an alleged denial of medical care to Plaintiff in 2006 and an alleged violation of the right to privacy in his medical records arising from an incident that occurred on or about June 21, 2006. (Doc. #44 at 8.) The remaining claim is for declaratory relief on Count II, the Fourteenth Amendment claim against Penn for invasion of privacy. (Doc. #55.)

## II. Preliminary Injunction

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat'l Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Am. Trucking Assn. v. City of Los Angeles, 554 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). A request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox. Co., 434 U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. v. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982).

A district court should not issue an injunction when the injunction in question is not of the same character and deals with a matter lying wholly outside the issues in suit. Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (*per curiam*), amended, 131 F.3d 950 (11th Cir. 1997) (*per curiam*).

Plaintiff seeks relief that is unrelated to the allegations in the present case; the Court will not issue the requested relief. See id. The Court notes that if Plaintiff brings a claim regarding the use of force, when an "adverse party retains possession of key elements of proof, . . .[t]he presumptions and sanctions available to punish those who alter or destroy evidence must be considered sufficient to deter any misconduct and a party is no doubt aware that its handling of the materials may come under intense scrutiny." Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1390 n. 9 (9th Cir. 1986) (citing e.g., Fed. R. Civ. P. 37; Bowmar Instrument Corp. v. Texas Instruments, Inc., 25 Fed. R. Serv.2d 423, 427 (N.D. Ind. 1977) (sanctions appropriate where party destroyed evidence it should have known would be relevant in future litigation).

///
///
///

1    **IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to
2    Plaintiff's Motion for Court Order (Doc. #80), and the motion is **denied**.
3    DATED this 15th day of January, 2010.

Mary H. Murguia
United States District Judge